

# NUMBER 13-26-00563-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GERARDO ALBERTO CASTILLO COBOS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Silva and Cron
### Memorandum Opinion by Justice Silva[1]

Relator Gerardo Alberto Castillo Cobos filed a pro se petition for writ of mandamus seeking to compel the trial court to rule on pending motions. In conjunction with his petition for writ of mandamus, relator has filed: (1) a proposed order; (2) two copies of an

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

"Emergency Motion to Dismiss Petitioner's Ex Parte [Temporary Restraining Order], Motion to Disqualify Counsel, and Motion for Emergency Custody Modification"; (3) an "Emergency Motion for Enforcement of Temporary Orders, Criminal Contempt, Sanctions against Attorney of Record, and Order to Appear"; (4) an "Affidavit of Facts and Formal Notice of Systemic Failure"; and (5) a "National Center for Missing & Exploited Children (NCMEC) United States Federal Authorities Amber Alert/Critical Urgent Missing Children Report."

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy by appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden to establish the right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840–44. That burden includes, *inter alia*, providing a clear and concise argument for the contentions made with appropriate citations to authorities and to the appendix or record. *See* TEX. R. APP. P. 52.3, 52.7; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus

2

and the foregoing related motions.

CLARISSA SILVA
Justice

Delivered and filed on the
31st day of July, 2026.